No. A-CV-29-82
A-CV-06-83
A-CV-08-83
A-CV-09-83
A-CV-10-83

COURT OF APPEAL OF THE NAVAJO NATION

June 24, 1983

In the Matter of the Practice of Law in the
Navajo Tribal Courts by: Melody K. ELKINS, Ronald D. HAVEN,
Inja NELSON, Alene DELEGARITO and Donna Carole BRADLEY,
Petitioners,

vs.

THE NAVAJO NATION BAR ASSOCIATION, Respondent.

Appeal heard before Chief Justice Nelson J. McCabe, Associate Justices Robert B. Walters and Tom Tso.

Paul Frye, Esq., Window Rock, Navajo Nation (Arizona). Richard George, Esq., Tuba City, Navajo Nation (Arizona). Lawrence Long, Esq., Window Rock, Navajo Nation (Arizona).

The above-captioned matter came before the Court of Appeals on June 23, 1983, and the court is entering its preliminary order on the status of the five petitioners in order to give an immediate disposition of their petitions. The ability to practice law, either as an associate member of the bar or as a regular member of the bar, is a presssing matter in which the rights of the petitioners, and the public, represented by the Navajo Nation Bar Association, should be dealt with immediately in the interests of competent legal representation.

Therefore the court makes the following ORDERS:

1. As to petitioner Elkins: The court notes that Ms. Elkins is not eligible for associate status in the bar due to the fact she is not Navajo. Therefore she would not normally be eligible to practice law under supervision as an associate member of the bar. However the court notes that Ms. Elkins has lived and worked within the Navajo Nation for a number of years, first as a teacher and then with the Justice Department. Given the fact that the Justice Department has certified her competency and given the fact that the courts must support efforts for the Navajo Nation to obtain and be represented by competent counsel, this court hereby admits the petitioner to associate status under the rules of the bar association pending her bar examination.

The court cautions that this special admission is done in this instance only and it is done only because of Ms. Elkin's period of time working in the Justice Department, and the court urges the Navajo

Nation Bar Association to consider the policy factor that the Navajo Nation needs competent counsel and decide whether a special association rule should be adopted for situations such as this.

2. As to petitioner Ronald D. Haven: The record of this case and oral argument shows that the Navajo Nation Bar Association has not had an opportunity to review the special circumstances presented by Mr. Haven's petition, and the court remands the matter to the bar association for action.

3. As to petitioner Inja Nelson: The record of this case and oral argument shows that the Navajo Nation Bar Association has not had an opportunity to review the special circumstances presented by Ms. Nelson's petition, and the court remands the matter to the bar association for action.

4. As to petitioner Delgarito: The court has been advised that Ms. Delgarito's application for associate status was denied by the Admissions Committee and granted by the Board of Governors of the Navajo Nation Bar Association. The court accepts the decision of the Board of Governors and Ms. Delegarito is admitted as an associate member.

The court also notes that the Hopi Tribal Court grants reciprocity to qualified Navajo individuals with respect to practice in that court, and this court accepts Hopi Bar members for admission to our bar upon examination. Therefore the special exception granted Ms. Delegarito to associate membership is within the policy of reciprocity and mutual respect for the courts of another Indian nation.

5. As to petitioner Bradley: Ms. Bradley is admitted to practice as an associate member because of the concession of the Navajo Nation Bar Association that she may be so admitted as an associate member under the supervision of the Attorney General or her designate.

6. The court suggests to the Navajo Nation Bar Association that it consider seriously the problem of special exceptions for Navajo Government employees as associate members pending their examination and admission to the bar, and the court suggests that the bar association clarify its appeals procedures with respect to the denial of applications for associate membership.

7. The opinion of the court explaining the law supporting the decision of the court will be forthcoming following the next session of the Court of Appeals.